

**FILED**

JAN 15 2008

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

DONALD EUGENE TYRREL,           )   CV 06-18-H-DWM
                                )
         Petitioner,            )
                                )
   vs.                          )   ORDER
                                )
WARDEN JAMES MACDONALD,         )
                                )
         Respondent.            )
                                )

## I. Introduction

Petitioner Donald Eugene Tyrrel filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Tyrrel's petition raises two claims. First, Tyrrel alleges he was denied the right to participate in court proceedings because he is deaf and was not provided with an interpreter. Second, Tyrrel claims his trial counsel was ineffective because she inaccurately predicted he would not go to prison if he pleaded guilty to sexual assault. United States Magistrate Judge Keith Strong entered Findings and Recommendation on June 18, 2007, recommending dismissal of Tyrrel's petition on the merits and denial of a certificate of

-1-

appealability. Tyrrel filed objections on July 5, 2007. Tyrrel objects to Judge Strong's recommendation regarding the first ground for relief, but does not object to Judge Strong's recommendation relating to the second ground for relief. Tyrrel therefore is entitled to de novo review of the portion of the Findings and Recommendation addressing the lack of an interpreter. 28 U.S.C. § 636(b)(1). The portion of the Findings and Recommendation discussing Tyrrel's ineffective assistance of counsel claim will be reviewed for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981).

## II. Analysis

### A. Lack of Interpreter

A defendant has a constitutional right to an interpreter when a language barrier interferes with his right to confrontation or his capacity to understand or respond to questions. See, e.g., United States v. Lim, 794 F.2d 469, 471 (9th Cir. 1986). Judge Strong determined the absence of an interpreter at Tyrrel's change of plea hearing, sex offender evaluation, pre-sentence investigation interview, and sentencing hearing did not rise to the level of a constitutional violation. In making this determination, Judge Strong relied on factual findings made by the state court, which Judge Strong determined were reasonable in light of the evidence presented at the hearing

on Tyrrel's petition for postconviction relief.

In his objections, Tyrrel notes that his expert audiologist testified that to sufficiently understand speech, Tyrrel would need an interpreter and possibly a hearing aid. Tyrrel further contends he was more than one foot from the district court bench during his change of plea colloquy. Finally, Tyrrel asserts his yes and no responses to the district court's questions do not indicate that he understood what was being asked.

Tyrrel's objections do not present clear and convincing evidence sufficient to rebut the presumption of correctness applicable to factual findings of state courts in habeas cases. 28 U.S.C. 2254(e)(1). Tyrrel's expert audiologist testified that as long as a speaker is "close enough, has a good speaking voice, doesn't speak too fast, articulates the words correctly, [and Tyrrel's] visual interpretation is good," Tyrrel can hear, understand, and participate in conversation. Moreover, the transcript of the change of plea colloquy demonstrates Tyrrel heard what was being asked and responded appropriately. Tyrrel's responses were not limited to yes or no answers. For example, when asked how old he was and how old the victim of the sexual assault was, Tyrrel responded with the appropriate ages. Further, at the beginning of the plea colloquy, when Tyrrel could not understand the district court judge, Tyrrel informed the court of his inability to hear. Tyrrel was permitted to approach

the bench to continue the colloquy. Tyrrel never again told the court or his counsel that he was unable to hear or understand the proceedings. Based on this information, the state courts' findings that Tyrrel understood the proceedings were not unreasonable and no constitutional violation occurred.[1]

**B.   Ineffective Assistance of Counsel**

Judge Strong also recommended denying Tyrrel's second ground for relief—ineffective assistance of counsel. Tyrrel alleged he would not have pleaded guilty but for his counsel's assurances that he would not go to prison. At the evidentiary hearing on Tyrrel's petition for postconviction relief, Tyrrel's trial counsel testified that she did not promise Tyrrel he would not go to prison because she could not control the outcome of his sex offender evaluation. The state district court found this testimony credible, and that finding is not unreasonable in light of the evidence presented at the hearing. Additionally, Tyrrel acknowledged on several occasions that he understood the types of sentences that could be imposed for his crime and that the district court was not required to accept the recommendations of

---

[1] Tyrrel also relies on several regulations promulgated pursuant to the Americans with Disabilities Act in support of his assertion that an interpreter was required. See, e.g., 28 C.F.R. § 35.160. The regulations, however, are not persuasive. They require public entities to take steps to ensure disabled individual have an opportunity to participate in various programs; they do not require an interpreter in court proceedings. As discussed above, Tyrrel was able to understand and participate in the court proceedings, and thus, the proceedings complied with constitutional requirements.

either the defense or the prosecution with respect to the sentence to be imposed.  In light of these facts, Judge Strong did not clearly err in determining that Tyrrel's ineffective assistance of counsel claim lacks merit.

### III.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Judge Strong's Findings and Recommendation are adopted in full.  Tyrrel's petition for writ of habeas corpus is DENIED WITH PREJUDICE.  A certificate of appealability is DENIED.

Dated this 15 day of January, 2008.

Donald W. Molloy, Chief Judge
United States District Court